Upon the whole I am led to the conclusion that the third clause of the act under consideration is unconstitutional and void, and the party petitioner, as well as the shipmaster, is entitled to actions as in ordinary cases. That I possess no power to issue the writ of habeas corpus; but for that remedy he must have recourse to the state authorities. That as to the writ de homine replegiando I have no right to refuse it; but although it will unquestionably lie to a vendee under the sheriff, I doubt whether it can avail the party against the sheriff himself. The counsel will then consider whether he will sue it out.

## Case No. 4,367.

### The ELLA.

[2 Int. Rev. Rec. 117.]

District Court, D. Massachusetts. 1865.

R. H. Dana, Jr., for United States and actual captor.

W. A. Field, for the Shenandoah.

C. C. Dame, for the Tuscarora.

The chief principles of law involved in the case were accepted by THE COURT as settled by Judge Sprague's decision in the case of The Ella & Anna [Case No. 4,368], particularly as to the meaning of being "within signal distance," in our prize act. THE COURT says it is decided that under our statutes "a vessel claiming to share with the actual captor must show her position to have been such, at the time of the capture, that the usual signals, if such had been made in the usual way, from the actual captor, could have been read and understood from the deck or top-gallant forecastle of the vessel so claiming to share." THE COURT also adopted the conclusion of Judge Sprague that the Coston lights cannot, under the most favorable circumstances, be seen more than eight miles.

After a careful examination of the facts in evidence, THE COURT disallowed the claims of the Tuscarora and Iron Age, and decreed the Houqua to be actual captor, and the Daylight and Shenandoah to be joint captors, as within signal distance.

## Case No. 4,368.

### The ELLA & ANNA.

[2 Spr. 267;[1] 26 Law Rep. 669.]

District Court, D. Massachusetts. April, 1864.

R. H. Dana, Jr., U. S. Atty., for the Niphon.

W. A. Field, for the Shenandoah.

C. C. Dame, for the Tuscarora.

SPRAGUE, District Judge. This vessel and cargo have been condemned as lawful prize, and I am now called upon to determine to what vessels of the navy the proceeds shall be decreed.

The capture was made by the steamer Niphon, commanded by Lieutenant Breck. Four other vessels, the Shenandoah, Houqua, Daylight, and Tuscarora, have severally presented applications to be admitted to share in the proceeds. The petitioners rest their claims solely on the allegation that they were respectively "within signal distance of the vessel making the prize."

Prizes belong primarily to the government. The policy and propriety of giving the proceeds wholly or in part to the captor are manifest; but why should others, who did not even aid in making the capture, share equally with those who actually made it? A glance at the history of the law on this subject may be of use in discovering the reason. In England, from an early period, prizes have been granted by statute to "the takers." This language, in its natural import, embraces only those who actually make the capture. But

[1] [Reported by John Lathrop, Esq., and here reprinted by permission.]